ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **MARIETTE IRIZARRY MARTÍNEZ**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br>V.<br><br>**RESTAURANTE EL VIEJO ALMACÉN; ALFREDO JUNCOS; ASEGURADORA XYZ**<br>DEMANDADA(S)-PETICIONARIA(S) | **KLCE202301421** | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Civil Núm.:<br>**SJ2022CV11001 (804)**<br><br>Sobre:<br>Daños y Perjuicios<br>(Ley de Represalia en el Empleo; Hostigamiento Sexual) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente.

## R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 13 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, el **Restaurante El Viejo Almacén y Otros (RESTAURANTE)** y el señor **Alfredo Juncos** (señor **JUNCOS**) mediante recurso de *Certiorari* incoado el 14 de diciembre de 2023. En su escrito, nos solicita(n) que revisemos la *Resolución* decretada el 29 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Mediante esta decisión, el foro primario denegó la *Moción Para Excluir Testimonio Pericial del Doctor Gastón Ricci* presentada el 1 de noviembre de 2023 por el **RESTAURANTE** y el señor **JUNCOS**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

### - I -

El 20 de diciembre de 2022, la señora **MARIETTE IRIZARRY MARTÍNEZ** (señora **IRIZARRY MARTÍNEZ**) instó *Demanda* reclamando hostigamiento

---

[1] Este dictamen judicial fue notificado y archivado en autos el 30 de noviembre de 2023. Véase Apéndice del *Certiorari,* págs. 49-51.

sexual al amparo de la Ley Núm. 17 de 1988, según enmendada, y represalias (únicamente contra el RESTAURANTE) bajo la Ley Núm. 115 de 1991, según enmendada.[2] La señora IRIZARRY MARTÍNEZ manifestó que comenzó a trabajar como empleada por tiempo indeterminado el 26 de octubre de 2022 en el RESTAURANTE EL VIEJO ALMACÉN. Arguyó, además, que el 7 de noviembre de 2022, fue despedida durante el período probatorio. Expuso que el 29 de octubre de 2022, observó a varios compañeros de trabajo ingiriendo bebidas alcohólicas y el señor JUNCOS, quien era el cocinero jefe (chef), se le acercó bruscamente y le agarró por la boca acercando su cara muy cerca de sus labios. Continuó exponiendo que al día siguiente llamó al señor ADRIÁN ROMERO (señor ROMERO) y no asistió al trabajo. Además, se reunió con el señor ROMERO y le informó de la conducta impropia del señor JUNCOS. Ante esa situación, el 1 de noviembre de 2022, la señora IRIZARRY MARTÍNEZ comenzó a laborar en el RESTAURANTE LA PICCOLINO bajo la supervisión de los cocineros jefes (chefs) Marcelo e Irma.

En consecuencia, el 8 de febrero de 2023, el RESTAURANTE presentó su *Contestación a Demanda*.[3] En lo pertinente, negó la mayoría de las alegaciones de la señora IRIZARRY MARTÍNEZ. Argumentó que la señora IRIZARRY MARTÍNEZ no fue objeto de trato ilegal, discriminatorio, humillante o en represalia en el empleo. Aseguró que el despido fue por no cumplir con su trabajo, por su falta de conocimiento y su pobre rendimiento en sus labores. A su vez, el señor JUNCOS presentó un escrito titulado *Contestación del Codemandado, Sr. Alfredo Juncos a la Demandada* [sic].[4] En síntesis, el señor JUNCOS señaló que no incurrió en conducta de naturaleza sexual que resultara ofensiva a una persona prudente y razonable.

---

[2] *Ley Para Prohibir el Hostigamiento Sexual en el Empleo*, 29 LPRA § 155; *Ley de Represalias Contra el Empleado por Ofrecer Testimonio*, 29 LPRA § 194. Véase Apéndice del *Certiorari*, págs. 1- 8.
[3] *Íd.*, págs. 9- 16.
[4] *Íd.*, págs. 17- 24.

Como parte del descubrimiento de prueba, la señora **IRIZARRY MARTÍNEZ** anunció al doctor Gastón Ricci Gómez como su testigo pericial. El doctor Gastón Ricci Gómez, quien es natural de Uruguay, efectuó un examen médico sobre el estado mental de la señora **IRIZARRY MARTÍNEZ**. Dicha evaluación fue realizada mediante videoconferencia desde Uruguay.

Ante ello, el 1 de noviembre de 2023, el **RESTAURANTE** y el señor **JUNCOS** presentaron *Moción para Excluir Testimonio Pericial del Doctor Gastón Ricci*.[5] Su petición se fundamentó en que la evaluación del doctor Gastón Ricci Gómez implicó un análisis médico, lo cual requiere – para su admisibilidad – la licencia para ejercer la profesión en Puerto Rico, por lo que, incumple con la Regla 32.1 de las de Procedimiento Civil de 2009. Posteriormente, el 21 de noviembre de 2023, la señora **Irizarry Martínez** presentó su *Oposición a Moción In Limine de la Parte Demandada*.[6] Arguyó que de ninguna manera el doctor Gastón Ricci Gómez está ejerciendo la medicina en Puerto Rico, pues no la está tratando, ni recetando, ni diagnosticando. Aseguró, que se trata de una función pericial independiente e imparcial, sobre un supuesto concreto. Consecuentemente, el 29 de noviembre de 2023, el tribunal primario emitió la *Resolución* impugnada expresando:[7]

> El hecho de que dicho perito no tenga licencia para ejercer en Puerto Rico no es óbice de por sí para descartarlo (…) la evaluación que realizó el Doctor Ricci fue una para observar y analizar el estado mental de la querellante y rendir su informe, no es para "diagnosticar una condición médica, ni tratar al paciente". Por tanto, le daremos el valor probatorio que nos merezca.

Inconformes con ese proceder judicial, el 14 de diciembre de 2023, el **RESTAURANTE** y el señor **JUNCOS** incoaron ante este Tribunal de Apelaciones un *Certiorari*. En el mismo, señala(n) el(los) siguiente(s) error(es):

> Erró el TPI al no conceder nuestra Moción Para Excluir Testimonio Pericial del Doctor Gastón Ricci.

---

[5] Véase Apéndice del *Certiorari*, págs. 26- 39.
[6] *Íd.*, págs. 40- 43.
[7] *Íd.*, pág. 51.

Erró el TPI al permitir el testimonio del Doctor Ricci sobre un examen médico de estado mental sin estar autorizado en ley para ello.

Erró el TPI al adjudicar que la Regla 32.1 de las Reglas de Procedimiento Civil no requiere que el profesional que realiza un examen médico de estado mental.

El 20 de diciembre de 2023, intimamos *Resolución* en la cual concedimos un plazo de diez (10) días para mostrar causa por la cual no debamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Así las cosas, el 27 de diciembre de 2023, la señora **IRIZARRY MARTÍNEZ** presentó su *Moción en Cumplimiento de Orden.* Posteriormente, el 31 de enero de 2024, la señora **IRIZARRY MARTÍNEZ** presentó su *Alegato en Oposición a Recurso de Certiorari.*

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A -

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[8] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[9]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[10] Empero, el ejercicio de la discreción concedida "no implica la potestad de

---

[8] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[9] *Íd.*
[10] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[11]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[12] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[13] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:[14]

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. [15]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[16]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[17] Para ello, la Regla 40 de nuestro

---

[11] *Íd.*
[12] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez*, supra.
[13] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[14] *IG Builders v. BBVAPR*, 185 DPR 307, 339– 340 (2012). (énfasis nuestro).
[15] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[16] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[17] *McNeil Healthcare v. Mun. Las Piedras I*, supra, pág. 404; *800 Ponce de León v. AIG, supra*.

Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[18]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[19] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[20] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[21]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[22] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho

---

[18] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[19] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[20] *Mun. Caguas v. JRO Construction, Inc., supra*, pág. 712.
[21] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.
[22] *García v. Asociación*, 165 DPR 311, 322 (2005).

sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[23]

## - B -

La Regla 32.1 de las de Procedimiento Civil de 2009 prescribe que en todo pleito en el que el estado mental o físico de una parte esté en controversia, "la sala ante la cual esté pendiente el pleito **podrá ordenarle que se someta a un examen físico o mental por un(a) profesional autorizado(a) por ley para efectuarlo** [...]".[24] De igual manera, la propia Regla 32.1, dispone que cuando una parte formule alegaciones sobre su estado físico o mental, "se entenderá que ha renunciado a su derecho a la intimidad sobre aquellos expedientes médicos o psicológicos relacionados con la controversia".[25] El mencionado procedimiento inicia mediante moción, aseverando la necesidad de practicar, para los fines del pleito, el examen médico o mental de la parte contraria; se alegará que el estado físico y mental de esa parte esta en controversia y además, se nombrará al profesional autorizado por ley para efectuarlo.[26]

Asimismo, debemos señalar que el ejercicio de discreción en materia de descubrimiento de prueba no es revisable por los tribunales apelativos a menos que se demuestre que el tribunal primario: (1) actuó movido por prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[27]

## - C -

El perito "es una persona que, a través de la educación o experiencia, ha desarrollado un conocimiento o destreza sobre una materia de manera

---

[23] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[24] (énfasis nuestro).
[25] 32 LPRA Ap. V R. 32.1.
[26] *Íd.*
[27] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012).

que puede formar una opinión que sirva de ayuda al juzgador".[28] Este experto ha sido considerado como "'la persona entendida, el individuo competente, idóneo, por tener unas determinadas aptitudes y conocimientos, por poseer una adecuada capacidad'".[29]

Es decir, la función del perito en un litigio es auxiliar al tribunal.[30] Cónsono con esa función, la Regla 709, inciso (a), de las de Evidencia, permite al tribunal nombrar, *motu proprio* o a solicitud de parte, una o más personas como peritas. Antes de nombrarlo, el tribunal debe concederles a las partes la oportunidad de fijar sus posturas en cuanto a la necesidad de peritos, sugerir candidatos y aceptar la persona como perita.[31] La citada Regla 709, permite al tribunal de instancia nombrar a cualquier persona como perita, ya sea por estipulación de las partes o por su selección.[32]

Empero, independientemente de que el perito haya sido nombrado por el tribunal, la aludida Regla 709 impone a la persona nombrada como perita el deber de notificar sus hallazgos a las partes.[33] También, la persona perita estará sujeta a ser depuesta por cualquiera de las partes y podrá ser citada como testigo por el tribunal o por las partes.[34] Ahora bien, ello no limita a las partes a presentar el testimonio de algún perito(a) de su elección.[35]

A su vez, nuestro Derecho Probatorio rige lo concerniente a la admisibilidad, la calificación, y el valor probatorio que ha de otorgar el juzgador al testimonio de un perito.[36] La admisibilidad de un testimonio pericial será determinada por el tribunal primario a tenor con lo dispuesto en

---

[28] *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 338 (2010), citando a Black´s Law Dictionary, 8th ed., Minn., Thomson West, 2004, pág. 619. Véase, además, la Regla 703 de las de Evidencia, 32 LPRA Ap. VI, R. 703.
[29] *SLG Font Bardón v. Mini-Warehouse, supra*, pág. 338, citando a *San Lorenzo Trad., Inc. v. Hernández*, 114 DPR 704, 709 (1983).
[30] *Pueblo v. Soto González*, 149 DPR 30, 32 (1999) (Sentencia). Véase, además, la Regla 702 de las de Evidencia, 32 LPRA Ap. VI, R. 702.
[31] *Íd.*
[32] *Íd.*
[33] *Rentas Nieves v. Betancourt Figueroa*, 201 DPR 416, 426-427 (2018).
[34] Regla 709 (a) de las de Evidencia, 32 LPRA Ap. VI, R. 709 (a).
[35] Regla 709 (d) de las de Evidencia, 32 LPRA Ap. VI, R. 709 (d).
[36] Véase, E. Rivera García, *El Valor del Testimonio Pericial en los Procedimientos Judiciales*, 47 Rev. Jur. U. Inter. PR 87, 96 (2013).

la Regla 403 de las de Evidencia.[37] El foro de primera instancia deberá resolver si el testigo está calificado como perito o las partes podrían estipular su calificación.[38] "[A]l momento de que el tribunal determine si un testigo cualifica como perito y, por ende, si es admisible su testimonio pericial, lo que se requiere es que posea un conocimiento científico, técnico o especializado que sea de ayuda a la juzgadora o al juzgador para poder entender la prueba o determinar un hecho en controversia".[39]

Una vez ello ocurra, el juzgador, guiado por los factores esbozados en la Regla 702, le concederá el valor probatorio que le merezca el testimonio pericial.[40] Estos factores son:

> (a) si el testimonio está basado en hechos o información suficiente;
> (b) si el testimonio es el producto de principios y métodos confiables;
> (c) si la persona testigo aplicó los principios y métodos de manera confiable a los hechos del caso;
> (d) si el principio subyacente al testimonio ha sido aceptado generalmente en la comunidad científica;
> (e) las calificaciones o credenciales de la persona testigo, y
> (f) la parcialidad de la persona testigo.[41]

Nuestro ordenamiento jurídico permite a las partes presentar prueba para impugnar o sostener la credibilidad del perito y, en consecuencia, incidir sobre el valor probatorio de su testimonio.[42] El tribunal no está obligado a aceptar las conclusiones de un perito.[43]

- III -

Por estar íntimamente relacionados, discutiremos de forma conjunta los señalamientos de error aducidos por el **RESTAURANTE** y el señor **JUNCOS**. Los tres (3) errores van dirigidos a impugnar la denegatoria de la *Moción para Excluir Testimonio Pericial del Doctor Gastón Ricci*. Esencialmente, **RESTAURANTE** y el señor **JUNCOS** exponen que no cuestionan las cualificaciones ni los estudios del doctor Ricci Gómez, sino que su argumento

---

[37] 32 LPRA Ap. VI, R. 403.
[38] 32 LPRA Ap. VI, R. 703.
[39] *S.L.G. Font Bardón v. Mini-Warehouse, supra*, pág. 344.
[40] Íd., pág. 343.
[41] 32 LPRA Ap. VI, R. 702.
[42] 32 LPRA Ap. VI, R. 703.
[43] *S.L.G. Font Bardón v. Mini-Warehouse, supra*, pág. 346.

va dirigido a que este no está emitiendo una opinión pericial en sí, sino que hizo una entrevista clínica psiquiátrica por videoconferencia desde Uruguay. Añadieron que, la circunstancia en la cual el doctor Ricci Gómez emitió su opinión profesional se aleja de lo establecido en la Regla 32.1 de las de Procedimiento Civil de 2009 a los fines de la realización de un examen médico. Aseguraron que, para administrar un examen psiquiátrico, el doctor Ricci Gómez tiene que poseer la licencia para ejercer la medicina en Puerto Rico.

Por su parte, la señora **IRIZARRY MARTÍNEZ** manifestó que la controversia es una de derecho probatorio y no de una interpretación de la Regla 32.1 de las de Procedimiento Civil de 2009 en lo relativo a exámenes médicos. Fundamentó, además, que el doctor Ricci Gómez observó y analizó el estado mental de la señora **IRIZARRY MARTÍNEZ** únicamente para facilitar la información científica al tribunal. Incluso, añadió que, el doctor Ricci Gómez se valió en gran medida del Manual Diagnóstico y Estadístico de los Trastornos Mentales (DSM- V) para formular su opinión al tribunal.

Ahora bien, como expusimos anteriormente, este Tribunal de Apelaciones no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, ha mediado prejuicio, parcialidad, error craso y manifiesto o se equivocó en la interpretación o aplicación de cualquier norma procesal o de Derecho sustantivo, y nuestra intervención en esa etapa evitaría un perjuicio sustancial.

Tras justipreciar el recurso de *Certiorari* del **RESTAURANTE** y el señor **JUNCOS**, es forzoso deducir que no concurren todos los criterios que justificarían el ejercicio de nuestra facultad para revisar esta determinación judicial.

Este Tribunal colige que el **RESTAURANTE** y el señor **JUNCOS** no han presentado fundamentos jurídicos que nos muevan a expedir el auto de

*certiorari,* conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Por tanto, procede *denegar* la expedición del presente recurso. Ello pues, resulta evidente que la determinación emitida por el tribunal primario en cuanto a permitir el testimonio del doctor Ricci Gómez como perito es razonable, sustancialmente correcto y no vislumbramos error alguno que precise nuestra intervención.

Precisamos que nada impide que las partes puedan recurrir nuevamente, de entenderlo necesario, una vez el foro primario adjudique, en sus méritos, la totalidad de las controversias. Esto otras palabras, la denegatoria a la expedición del auto de *certiorari* no prejuzga este caso.

- IV -

Por los fundamentos antes expuestos ***denegamos*** la expedición del auto *de Certiorari* instado el 14 de diciembre de 2023 por el **Restaurante El Viejo Almacén y Otros** y el señor **Alfredo Juncos**, ello a tenor con la Regla 40 del Reglamento del Tribunal de Apelaciones.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones